# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT ROY** | 17-CV-4088-RRM-ST |
| Plaintiff, | |
| -against- | PROPOSED JOINT PRETRIAL ORDER |
| **DELTA AIR LINES, INC.** | |
| Defendants. | |

The parties having conferred pursuant to Federal Rule of Civil Procedure 16 and this Court's procedures, hereby submit the following Proposed Joint Pretrial Order in the above-captioned matter:

**1. The full caption of the action.**

The full caption of this action is represented above and listed as *Roy v. Delta Air Lines, Inc.*, E.D.N.Y. No. 1:17-cv-04088-RRM-ST.

**2. The names (including firm names), mailing addresses, email addresses, and telephone and fax numbers of trial counsel.**

<u>Plaintiff</u>

Plaintiff is proceeding *pro se*. His contact information is as follows:

> c/o Gwendolyn Castillon
> Eskivellir 7, Apt. 202
> 221 Hafnarjfordur
> Iceland
> (917) 622-9933
> philforum96@yahoo.com

<u>Defendant</u>

Lead trial counsel for Delta Air Lines, Inc. ("Delta") will be Gary Gardner of Skinner Law Group. Attorney Gardner will be assisted by his associate Mackenzie Smith,

of Skinner Law Group's Philadelphia office, who is admitted to practice in this action *pro hac vice*.

Attorney Gardner's contact information is as follows:

Skinner Law Group
200 Broadhollow Road
Suite 207
Melville, NY 11747
(917) 538-2774
gardner@skinnerlawgroup.com

Attorney Smith's contact information is as follows:

Skinner Law Group
101 Lindenwood Drive
Suite 225
Malvern, PA 19355
(484) 875-3159
smith@skinnerlawgroup.com

**3. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to statutes and case law relied upon, and relevant facts as to citizenship and jurisdictional amount.**

<u>Plaintiff</u>

This Court has jurisdiction in this case pursuant to 28 U.S.C. Sec. 1331, in that this case is an action under the Montreal Convention (the Convention for the Unification of Certain Rules for International Carriage by Air), for personal injuries to plaintiff, a New York resident while a passenger inside a commercial aircraft, during an international flight, bound for JFK International Airport in Queens County, New York.

Jurisdiction and venue is proper in this court under Article 33 of the Montreal Convention, in that at the time of the accident subject of this case, the Plaintiff passenger had his principal and permanent address in New York, and defendant Delta operates as an international air carrier to and from the State of New York, County of Queens. This Court has diversity jurisdiction in this case pursuant to 28 U.S.C. Sec. 1332, in that plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff's state of citizenship is New York; Defendant Delta is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Georgia.

<u>Defendant</u>

Delta states that this Court has subject matter jurisdiction over this civil action on the grounds of federal question under 28 U.S.C. §1331, as Plaintiff's claims arise under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force in the United States on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734, commonly referred to as the "Montreal Convention."

Jurisdiction is not in dispute.

**4.  A brief summary by each party of the claims and defenses that the party has asserted that remain to be tried, including citations to statutes and case law relied upon.  Such summaries shall clearly identify all claims and defenses previously asserted that are not to be tried.**

<u>Plaintiff</u>

On October 6, 2015, defendant Delta, for compensation, operated international Delta Flight No. DL419, originating from Milan, Italy, destined for JFK International Airport in Queens County, New York, arriving on October 6, 2015. Plaintiff was a ticketed fare-paying passenger on the aforesaid Delta Flight No. DL419. Since it was going to be a long flight of about 9 hours, while Plaintiff was onboard (seated on seat 16A) the said Delta Flight No. DL419, and during the flight from Milan to New York City, Plaintiff removed his shoes and kept his socks, in order to feel more comfortable.

Unknown to Plaintiff, and due solely to the negligence of defendant Delta, there was a dangerous condition below plaintiff's seat, in that a certain floor cover was bent upward so that a strip of hard material with a sharp edge was sticking up from the floor. As plaintiff got off his seat to go to the bathroom, his left foot on stepped on the aforesaid hard and sharp object that was sticking up from the floor. As a result, plaintiff felt intense pain to his left foot; he twisted his foot and leg and lost his balance and fell, causing plaintiff to suffer intense pain and serious bodily injuries (the Accident); when Plaintiff fell he was sandwiched between the legs of the passenger seated on Seat 6B and the seat in front of Seat 16B (Seat 15B).

The plaintiff's injuries were the sole and direct and proximate result of an accident during the aforesaid international flight, caused solely by an unexpected or unusual event or happening that was external to the plaintiff as a passenger. On the date of the said accident, and at all relevant times, the United States was a signatory to the Montreal Convention, which is also binding upon Delta.

Defendant Delta is strictly liable for the injuries to plaintiff during the course of his international carriage by air under the terms of the Montreal Convention. As a result of the foregoing, Plaintiff has been damaged in the sum to be determined by the court, pursuant to the Montreal Convention.

As a sole and direct and proximate result of the accident, plaintiff sustained serious injuries, including but not limited to meniscal and ligament tear(s) to his left knee and left hip and left foot and ankle. Plaintiff sustained great pain and suffering, and sustained and will sustain in the future, medical bills, increased likelihood of a recurrence of great pain and suffering and emotional distress and loss of independence and enjoyment of life.

WHEREFORE, Plaintiff requests entry of a judgment in his favor and against defendant Delta Air Lines, Inc. for an amount in excess of the minimum jurisdiction amount of this Court, together with cost and such other relief and damages as may be allowed by law.

<u>Defendant</u>

Delta asserts the following defenses:

a. Delta is not liable to Plaintiff because the incident about which Plaintiff complains was not an "accident" within the meaning of the Montreal Convention.

b. Plaintiff did not suffer any injury as a result of the incident.

c. Plaintiff's injury, if any, was caused or contributed to by his own negligence.

d. Delta is not liable for any alleged damages for which Plaintiff has not produced proof during discovery in this action.

e. Delta's liability, if any, is limited by Article 21 of the Montreal Convention because Plaintiff's alleged injuries were solely due to the negligence or other wrongful acts or omissions of third parties.

f. Plaintiff's damages, if any, are limited under Article 44 of the Montreal Convention.

g. Plaintiffs' damages, if any, are limited in accordance with Delta's conditions of carriage, conditions of contract, and/or tariffs.

h. Plaintiff's damages, if any, are limited by Plaintiff's failure to mitigate.

**5. A brief statement specifying the damages sought on each claim, cross-claim, counter-claim, or third-party claim, including citations to statutes and case law relied upon.**

<u>Plaintiff</u>

Pain and suffering and emotional distress/injury and economic loss/damages as a result of the serious injuries, including but not limited to the meniscal and ligament tear(s) to his left knee and left hip and left foot and ankle. Plaintiff sustained great pain and suffering, and sustained and will sustain in the future, medical bills (i.e. possible surgeries, injections, etc.) increased likelihood of a recurrence of great pain and suffering and emotional distress and loss of independence and enjoyment of life.

<u>Defendant</u>

Delta has not asserted any claims in this action, and therefore seeks no damages.

**6. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

<u>Plaintiff</u>

Plaintiff states that the case is to be tried before a jury, and estimates that three trial days are needed.

<u>Defendant</u>

Delta states that Plaintiff has demanded a trial by jury. Delta estimates that this case will require two days to try, including jury selection.

**7. A statement as to whether or not all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).**

Plaintiff consents to trial before a Magistrate Judge and requests one trial for liability and damages.

Delta is considering whether to consent to trial before a Magistrate Judge; if it so consents, Delta will provide a written consent at or prior to the pre-trial conference.

**8. Any stipulations or statements of fact or law that have been agreed to by all parties.**

The parties agree and stipulate to the following facts:

a. On October 6, 2015, Delta operated Flight DL419 (the "Flight") from Milan, Italy to JFK International Airport in Queens, New York.

b. Plaintiff Robert Roy was a ticketed passenger on the Flight and was assigned to seat number 16A.

c. Seat number 16A was a window seat.

d. During the Flight, Delta Flight Attendant Cameron Gardin responded to a call from seat number 16B, the seat adjacent to Plaintiff's seat.

e. When Flight Attendant Gardin arrived at row 16, Plaintiff informed Flight Attendant Gardin that he had injured his foot by stepping on a sharp object on the floor beneath his seat.

f. Flight Attendant Gardin inspected the area beneath Plaintiff's seat and observed that a plastic seat track cover was torn and partly pulled away.

g. Flight Attendant Gardin gave Plaintiff an ice pack for his foot.

h. Plaintiff asked for paramedics to meet the flight upon landing.

**9. A list of the names and addresses of all witnesses, including possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except where prompt notice has been given and good cause shown.**

<u>Plaintiff</u>

a. Robert Roy (re: the accident and his economic damages and pain and suffering)

b. Dr. Gina Bolnet-Quettant (PCP) (re: plaintiff's treatment)

c. Dr. Mary Ann Bilotti (Podiatrist) (re: plaintiff's treatment)

d. Kathryn Mc Dougall (Purser) (re: accident and treatment while on board)

e. Dr. David Payne (re: Result of MRI on plaintiff's left knee and left hip)

f. Dr. Richard Pearl (re: plaintiff's treatment)

g. Dr. Mark Decker (re: Result of MRI on plaintiff's left ankle and left knee)

h. Rafael dela Cruz (PT) (re: plaintiff's treatment)

i. Dr. Lauren Block (re: plaintiff's treatment)

Defendant

a. Robert Roy, 7 Eskivellir, Hafnarfjordur, Iceland – Plaintiff will testify to the incident on Flight DL419, his subsequent medical treatment, his medical insurance, prior personal injury lawsuits, and his history of domestic and international travel using Delta and other air carriers.

b. John Moss, 8 Herrick Drive, Ipswich, MA 01938 – Mr. Moss was a passenger on the Flight and seated in the same row as Plaintiff. Mr. Moss will testify about his observation of the incident.

c. William Lawrence, 316 Lark St., Scotia, NY 12302 – Mr. Lawrence was a passenger on the Flight and seated in the same row as Plaintiff. Mr. Lawrence will testify about his observation of the incident.

d. Delta Flight Attendant Kathryn McDougall (contact through counsel) – Ms. McDougall was a flight attendant on the Flight and will testify about her observation of the incident and subsequent treatment of Plaintiff.

e. Delta Flight Attendant Cameron Gardin (contact through counsel) – Ms. McDougall was a flight attendant on the Flight and will testify about her observation of the incident and subsequent treatment of Plaintiff.

f. Delta corporate representative (contact through counsel) – Delta will identify a corporate representative available to testify at trial as soon as practicable after a trial date is established. The corporate representative will testify, if necessary, to authenticate any Delta business records offered into evidence.

g. Julia Camagong, 8374 Talbot Street #4A, Kew Gardens, NY 11514-3539 – Ms. Camagong is Plaintiff's former domestic partner and holder of the medical insurance policy of which Plaintiff was a beneficiary when he allegedly received treatment for his claimed injuries, and will testify about Plaintiff's use of the policy.

<span style="color:red">Plaintiff objects to testimony of Defendant's proposed witness Julia Camagong. Julia Camagong's testimony is irrelevant and immaterial to the case.</span>

h. Yuen Sheung Lee (Christine), Clerk Sr., Empire Blue Cross Blue Shield, Legal Department, 14 Wall Street – 14th Floor, New York, NY 10005 – Ms. Lee will be called to testify regarding the lack of medical insurance claims submitted on behalf of Plaintiff during the relevant time period.

<span style="color:red">Plaintiff objects to testimony of Defendant's proposed witness Yuen Sheung Lee. Yuen Sheung Lee's testimony is irrelevant and immaterial to the case.</span>

**10.** **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

Plaintiff

Plaintiff's deposition.

Defendant

Delta does not designate any deposition testimony to be offered in its case-in-chief.

**11.** **A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds. Meritless objections based on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence except for good cause shown.**

Plaintiff

1. Plaintiff's airline ticket receipt
2. Plaintiff's boarding pass
3. Purser accident report
4. Photograph of purser's business card
5. Photographs of damaged floor tracks
6. Photographs of injured foot
7. Photographs of plaintiff on wheelchair
8. EMS medical notes
9. LIJ Emergency Doctors' notes
10. Plaintiff's PCPs' medical notes
11. MRI results of plaintiff's left knee

12. MRI result of plaintiff's left hip

13. MRI result of plaintiff's left ankle

14. Medical notes of all treating doctors

15. Medical notes of all treating physical therapists

16. Medical expenses

    Delta objects to any exhibits offered by Plaintiff relating to medical expenses. Despite over two years of discovery and repeated requests by Delta, Plaintiff did not produce any documents relating to his alleged medical expenses, other than a single health insurance claim form related to an MRI, in the amount of $2,320.00. Delta hereby objects to any such exhibits and will file a motion in limine to preclude the same at the appropriate time prior to trial.

17. Transportation expenses

    Delta objects to any exhibits offered by Plaintiff relating to transportation expenses. Despite over two years of discovery and repeated requests by Delta, Plaintiff did not produce any documents relating to any alleged transportation expenses. Delta hereby objects to any such exhibits and will file a motion in limine to preclude the same at the appropriate time prior to trial.

<u>Defendant</u>

| Delta Exhibit No. | Description |
|---|---|
| D-1 | Delta incident report; Reply ID No. 547987 (bearing Bates label D0002) |
| D-2 | Delta passenger data for Robert Guang Roy (bearing Bates label D0012-14) |
| D-3 | Plaintiff's Responses to Defendant's First Set of Interrogatories dated February 26, 2018 |
| D-4 | Verified Complaint in *Roy v. Duane Reade Inc.*, Supreme Court of NY, Queens County Index No. 7097/2015 |
| D-5 | Letter from Empire Blue Cross Blue Shield to Skinner Law Group dated January 17, 2020 |

Respectfully submitted,

                                          SKINNER LAW GROUP

| | |
|---|---|
| /s/ *Robert Roy* | /s/ *Gary A. Gardner* |
| Robert Roy, Plaintiff | Gary A. Gardner |
| | Mackenzie W. Smith (admitted *pro hac vice*) |
| | 200 Broadhollow Rd. |
| | Suite 207 |
| | Melville, NY 11747 |
| | gardner@skinnerlawgroup.com |
| | smith@skinnerlawgroup.com |
| | |
| | Counsel for Delta Air Lines, Inc. |